# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE PLUNKETT, an individual and heir of the Estate of SCOTT PLUNKETT; GLOREE PLUNKETT, a minor, by and through her Guardian Ad Litem, TERRY ALLEN ROBERTSON,<br><br>Plaintiffs,<br><br>v.<br><br>LEATT CORPORATION,<br><br>Defendant. | Case No.: 3:19-cv-00629-H-AGS<br><br>**ORDER DENYING DEFENDANT LEATT CORPORATION'S MOTION FOR LEAVE TO FILE COMBINED MEMORANDUM OF LAW**<br><br>[Doc. No. 67.] |

On March 10, 2020, Defendant Leatt Corporation ("Defendant") filed a motion seeking leave to file a combined memorandum of law in support of Defendant's challenge to the admissibility of certain witness opinions. (Doc. No. 67.) In the motion, Defendant states that it plans to challenge the admissibility of certain witness opinions under Federal Rule of Civil Procedure 26, Federal Rules of Evidence 702 and 703, and California law. (Id.) Defendant accordingly seeks leave to file a combined memorandum "[t]o avoid unnecessary duplication" by offering its statement of the law in a single memorandum. (Id.)

The Court denies Defendant's motion. If Defendant seeks to exclude evidence based on discovery rules, such as Rule 26, that analysis must be made in a motion before the

magistrate judge. If Defendant seeks to exclude witness testimony through a Daubert motion, that may be made be done in a motion to the District Court. Daubert does not provide grounds to exclude an expert opinion simply because a party disagrees with the expert's conclusions. Kennedy v. Collagen Corp., 161 F.3d 1226, 1230 (9th Cir. 1998). Any pretrial motions filed by the parties must also comply with the Court's local rules. See Civ. Local Rule 7.1.

**IT IS SO ORDERED.**

DATED: March 12, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT